**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| **Mirror Imaging LLC**,<br><br>Plaintiff,<br><br>v.<br><br>**LegacyTexas Financial Group, Inc.; LegacyTexas Bank**,<br><br>Defendants. | Case No. 2:17-cv-00541<br><br>Patent Case<br><br>Jury Trial Demanded |

## AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, **Mirror Imaging LLC** ("Mirror Imaging"), through its attorney, Isaac Rabicoff, complains of **LegacyTexas Financial Group, Inc. and LegacyTexas Bank** ("LegacyTexas") and alleges the following:

## PARTIES

1. Plaintiff Mirror Imaging LLC is a limited liability company organized and existing under the laws of Michigan that maintains its principal place of business at 27500 Donald Court, Warren, Michigan, 48092.

2. Defendant LegacyTexas Financial Group, Inc. is a corporation organized and existing under the laws of Maryland that maintains its principal place of business in Baltimore, Maryland.

3. Defendant LegacyTexas Bank is a wholly-owned banking subsidiary of LegacyTexas Group, Inc. with its principal place of business in Plano, Texas.

## JURISDICTION

4. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

5. This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over LegacyTexas because it has engaged in systematic and continuous business activities in the Eastern District of Texas. Specifically, LegacyTexas has branch bank locations in Plano, Texas, and provides its full range of banking services to residents in this District. As described below, LegacyTexas has committed acts of patent infringement giving rise to this action within this District.

## VENUE

7. Venue is proper in this District under 28 U.S.C. §§ 1391(b)-(d) and 1400(b) because LegacyTexas has committed acts of patent infringement in this District, and has a regular and established place of business in this District. Specifically, LegacyTexas has branch bank locations in Plano, Texas, and provides its full range of banking services to residents in the Eastern District of Texas. In addition, Mirror Imaging has suffered harm in this District.

## PATENTS-IN-SUIT

8. Mirror Imaging is the assignee of all right, title and interest in United States Patent Nos. 6,963,866 (the "'866 Patent"), 7,552,118 (the "'118 Patent"), 7,836,067 (the "'067 Patent"), and 9,141,612 (the "'612 Patent"), collectively the "Patents-in-Suit", including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the Patents-in-Suit. Accordingly, Mirror Imaging possesses the exclusive right and standing to prosecute the present action for infringement of the Patents-in-Suit by LegacyTexas.

**The '866 Patent**

9. On November 8, 2005, the United States Patent and Trademark Office issued the '866 Patent. The '866 Patent is titled "Method of Obtaining an Electronically Stored Financial Document." The application leading to the '866 Patent was filed on March 22, 2002, and is a continuation of an application filed on April 13, 2000, and claims priority from a provisional application filed on April 13, 1999. A true and correct copy of the '866 Patent is attached hereto as Exhibit A and incorporated herein by reference.

10. The '866 Patent is valid and enforceable.

11. The invention in the ‘866 Patent relates to a method that enables a financial institution in a unique and highly efficient manner to retrieve electronically-stored financial documents having a specific document parameter. Ex. A at 2:38-40. Electronic storage of these financial documents allows financial institutions to eliminate paper copies *Id.* at 1:32-34. The electronic storing, downloading, and retrieving of the financial documents is particularly resource intensive, time consuming, and expensive. *Id.* at 1:54-60. This process becomes increasingly expensive if the client requests a particularly old financial document, because older financial documents frequently require more resources and time to locate and retrieve. *Id.* at 1:60-63.

12. The inventors Michael D. Schulze and Richard J. Gagnon recognized that due to the inefficiencies identified in the conventional methods used by financial institutions to obtain financial documents, it would be both novel and useful to invent a method that would enable a financial institution to obtain electronically-stored financial documents from different storage systems that reduces, if not eliminates, the back office production of the financial institution by providing a direct interface inter-linked with the different storage systems. With such an interface, the responsibility for retrieving financial documents from the different storage systems can be outsourced to third party entities while still providing the financial institution with efficient access to any financial documents electronically-stored. *Id.* at 2:21-2:34. The invention therefore provides a method that enables financial institutions to retrieve electronically-stored financial documents from different storage systems, allowing them to selectively store financial documents and to do so with unprecedented efficiency. *Id.* at 3:10–15.

**The ‘118 Patent**

13. On June 23, 2009, the United States Patent and Trademark Office issued the ‘118 Patent. The ‘118 Patent is titled “Method of Obtaining an Electronically Stored Financial Document.” The application leading to the ‘118 Patent was filed on August 12,

2005, and is a continuation of the application that issued as the ‘866 Patent. A true and correct copy of the ‘118 Patent is attached hereto as Exhibit B and incorporated herein by reference.

14. The '118 Patent is valid and enforceable.

15. The ‘118 Patent is related to the ‘866 Patent and, therefore, also relates to a method for a financial institution to obtain electronically-stored financial documents having a specific document parameter is disclosed. Ex. B at 2:39-41

**<u>The ‘067 Patent</u>**

16. On November 16, 2010, the United States Patent and Trademark Office issued the ‘067 Patent. The ‘067 Patent is titled “Method of Obtaining Electronically Stored Financial Documents.” The application leading to the ‘067 Patent was filed on June 22, 2009, and is a continuation of the application that issued as the ‘118 Patent. A true and correct copy of the ‘067 Patent is attached hereto as Exhibit C and incorporated herein by reference.

17. The '067 Patent is valid and enforceable.

18. The ‘067 Patent is related to the ‘866 Patent and, therefore, also relates to a method for a financial institution to obtain electronically-stored financial documents having a specific document parameter is disclosed. Ex. C. at 2:40-42.

**<u>The ‘612 Patent</u>**

19. On September 22, 2015, the United States Patent and Trademark Office issued the ‘612 Patent. The ‘612 Patent is titled “Method of Obtaining an Electronically Stored Financial Document.” The application leading to the ‘612 Patent was filed on March 15, 2013, and is a continuation of an application that was filed on October 13, 2011, which is a continuation of an application that was filed on October 12, 2010, which is a continuation of the application that issued as the ‘067 Patent. A true and correct copy of the ‘612 Patent is attached hereto as Exhibit D and incorporated herein by reference.

20. The '612 Patent is valid and enforceable.

21. The ‘612 Patent is related to the ‘067 Patent and, therefore, also relates to a method for a financial institution to obtain electronically-stored financial documents having a specific document parameter is disclosed. Ex. D. at 2:46-48.

**COUNT I: INFRINGEMENT OF THE ‘866 PATENT**

22. Mirror Imaging incorporates the above paragraphs herein by reference.

23. **Direct Infringement.** LegacyTexas has been and continues to directly infringe at least claim 1 of the ‘866 Patent in this District and elsewhere in the United States, by providing a system, for example LegacyTexas’s Online Banking system, that performs the steps for a financial institution to obtain electronically-stored financial documents having a specific document parameter.

24. LegacyTexas performs a method for obtaining an electronically-stored financial document from a first storage system remotely-located from a second storage system wherein the first and second storage systems each include a plurality of financial documents stored therein and wherein each of the financial documents include at least one specific document parameter. For example, LegacyTexas’s Online Banking system stores online statements and deposited check images in remotely located, separate storage systems based on the date associated with that document. *See, e.g.,* https://www.legacytexas.com/commercial-banking/treasury-management/remote-deposit-capture.html.

25. LegacyTexas performs the step of storing a plurality of financial documents in a first fixed medium at the first storage system when the specific document parameter of the financial document is greater than a predetermined parameter. LegacyTexas further performs the step of storing a plurality of financial documents in a second fixed medium at the second storage system when the specific document parameter of the financial document is less than or equal to the predetermined parameter. For example, LegacyTexas’s Online Banking system stores online statements and check images, and specifically stores check images for up to 6 months in a storage system that is retrievable online. After 6 months,

check images are transferred to another storage system for archival and retrieval purposes for up to 7 years.

26. LegacyTexas performs the step of utilizing a computer terminal connected to the first and second storage systems through a processing unit. LegacyTexas further performs the step of receiving a request for at least one of the stored financial documents. LegacyTexas further performs the step of inputting the request into the computer terminal. For example, LegacyTexas's Online Banking system has a computer terminal connected to its storage systems through a processing unit that stores check images, and allows customers retrieval of check images. Specifically, LegacyTexas's Online Banking system submits a request for check images, which is received via computer terminal by entering the desired date range of the requested check images.

27. LegacyTexas performs the step of comparing the specific document parameter of the requested financial document to the predetermined parameter to determine if the specific document parameter is greater than, less than, or equal to the predetermined parameter after the request has been inputted. For example, LegacyTexas's Online Banking system compares the date range submitted to a predetermined date, for example 6 months of access to check images, and the check image is either retrieved for the requester or the requester receives notification that customer service must be contacted to request a check image from equal to or greater than 6 months ago.

28. LegacyTexas performs the step of automatically accessing the first storage system through the processing unit when the specific document parameter is greater than the predetermined parameter and automatically accessing the second storage system through the processing unit when the specific document parameter is less than or equal to the predetermined parameter. LegacyTexas further performs the step of retrieving the requested financial document, as defined by the inputted request, in the first fixed medium when the specific document parameter is greater than the predetermined parameter and in the second fixed medium when a specific document parameter of the financial document is

less than or equal to the predetermined parameter. For example, LegacyTexas's Online Banking system's processing unit automatically accesses, and then retrieves, check images from one storage system if the associated date is less than or equal to 6 months; and from another storage system if the associated date is greater than 6 months.

29. **Induced Infringement.** LegacyTexas has also actively induced, and continues to induce, the infringement of at least claim 1 of the '866 Patent by actively inducing its customers, including merchants and end-users to use LegacyTexas's Online Banking system in an infringing manner as described above. Upon information and belief, LegacyTexas has specifically intended that its customers use its Online Banking system that infringe at least claim 1 of the '866 Patent by, at a minimum, providing access to, support for, training and instructions for, its Online Banking system to its customers to enable them to infringe at least claim 1 of the '866 Patent, as described above. Even where performance of the steps required to infringe at least claim 1 of the '866 Patent is accomplished by LegacyTexas and LegacyTexas's customer jointly, LegacyTexas's actions have solely caused all of the steps to be performed.

30. Mirror Imaging is entitled to recover damages adequate to compensate it for such infringement in an amount no less than a reasonable royalty under 35 U.S.C. § 284.

31. Mirror Imaging will continue to be injured, and thereby caused irreparable harm, unless and until this Court enters an injunction prohibiting further infringement.

## COUNT II: INFRINGEMENT OF THE '118 PATENT

32. Mirror Imaging incorporates the above paragraphs herein by reference.

33. LegacyTexas has been and continues to directly infringe at least claim 1 of the '118 Patent in this District and elsewhere in the United States, by providing a system, for example LegacyTexas's Online Banking system, that performs the steps for a financial institution to obtain electronically-stored financial documents having a specific document parameter is disclosed.

34. LegacyTexas performs a method of obtaining an electronically-stored

financial document from a first storage system remotely-located from a second storage system wherein the first and second storage systems each include a plurality of financial documents stored therein and wherein each of the financial documents is associated with at least one specific document parameter. For example, LegacyTexas's Online Banking system stores online statements and deposited check images in remotely located, separate storage systems based on the date associated with that document. *See, e.g.,* https://www.legacytexas.com/commercial-banking/treasury-management/remote-deposit-capture.html.

35. LegacyTexas performs the step of storing a plurality of financial documents in a first fixed medium at the first storage system when the specific document parameter of the financial document is greater than a predetermined parameter. LegacyTexas further performs the step of storing a plurality of financial documents in a second fixed medium at the second storage system when the specific document parameter of the financial document is less than or equal to the predetermined parameter. For example, LegacyTexas's Online Banking system stores online statements and check images, and specifically stores check images for up to 6 months in a storage system that are retrievable online. After 6 months, check images are transferred to another storage system for archival and retrieval purposes for up to 7 years.

36. LegacyTexas performs the step of utilizing a computer terminal connected to the first and second storage systems through a processing unit. LegacyTexas further performs the step of submitting a request for at least one of the stored financial documents into the computer terminal. For example, LegacyTexas's Online Banking system has a computer terminal connected to its storage systems through a processing unit that store check images, and this computer terminal allows the requester to retrieve check images. Specifically, LegacyTexas's Online Banking requester submits a request for check images, into the computer terminal, by entering the desired date range.

37. LegacyTexas performs the step of comparing the specific document parameter

of the requested financial document to the predetermined parameter to determine if the specific document parameter is greater than, less than, or equal to the predetermined parameter after the request has been inputted. For example, LegacyTexas's Online Banking system compares the date range submitted by the requester to a predetermined date, for example 6 months of access to check images, and the check image is either retrieved for the requester or the requester receives notice that customer service must be contacted to request a check image from equal to or greater than 6 months ago.

38. LegacyTexas performs the step of automatically accessing the first storage system through the processing unit when the specific document parameter is greater than the predetermined parameter and automatically accessing the second storage system through the processing unit when the specific document parameter is less than or equal to the predetermined parameter. LegacyTexas further performs the step of retrieving the requested financial document, as defined by the inputted request, in the first fixed medium when the specific document parameter is greater than the predetermined parameter and in the second fixed medium when a specific document parameter of the financial document is less than or equal to the predetermined parameter. For example, LegacyTexas's Online Banking system's processing unit automatically accesses, and then retrieves, check images from one storage system if the associated date is less than or equal to 6 months; and from another storage system if the associated date is greater than 6 months.

39. **Induced Infringement.** LegacyTexas has also actively induced, and continues to induce, the infringement of at least claim 1 of the '118 Patent by actively inducing its customers, including merchants and end-users to use LegacyTexas's Online Banking system in an infringing manner as described above. Upon information and belief, LegacyTexas has specifically intended that its customers use its Online Banking system that infringe at least claim 1 of the '118 Patent by, at a minimum, providing access to, support for, training and instructions for, its Online Banking system to its customers to enable them to infringe at least claim 1 of the '118 Patent, as described above. Even where performance of

the steps required to infringe at least claim 1 of the '118 Patent is accomplished by LegacyTexas and LegacyTexas's customer jointly, LegacyTexas's actions have solely caused all of the steps to be performed.

40. Mirror Imaging is entitled to recover damages adequate to compensate it for such infringement in an amount no less than a reasonable royalty under 35 U.S.C. § 284.

41. Mirror Imaging will continue to be injured, and thereby caused irreparable harm, unless and until this Court enters an injunction prohibiting further infringement.

**COUNT III: INFRINGEMENT OF THE '067 PATENT**

42. Mirror Imaging incorporates the above paragraphs herein by reference.

43. LegacyTexas has been and continues to directly infringe at least claim 53 of the '067 Patent in this District and elsewhere in the United States, by providing a system, for example LegacyTexas's Online Banking system, that performs the steps for a financial institution to obtain electronically-stored financial documents having a specific document parameter is disclosed.

44. LegacyTexas performs a method for obtaining an electronically-stored financial document from one of a first storage system and a second storage system with the first and second storage systems being different from each other wherein the first and second storage systems each include a plurality of financial documents stored therein and wherein each of the financial documents is stored as an electronic image and is associated with at least one specific document parameter. For example, LegacyTexas's Online Banking system stores online statements and deposited check images in separate storage systems based on the date associated with that document. *See, e.g.*, https://www.legacytexas.com/commercial-banking/treasury-management/remote-deposit-capture.html.

45. LegacyTexas performs the step of storing a plurality of financial documents in a first fixed medium at the first storage system when the specific document parameter of the financial document is less than a predetermined parameter. LegacyTexas further performs the step of storing a plurality of financial documents in a second fixed medium at

the second storage system when the specific document parameter of the financial document is greater than or equal to the predetermined parameter. For example, LegacyTexas's Online Banking system stores online statements and check images, and specifically stores check images for up to 6 months in a storage system that is retrievable online. After 6 months, check images are transferred to another storage system for archival and retrieval purposes for up to 7 years.

46. LegacyTexas performs the step of utilizing a processing unit connected to the first and second storage systems. LegacyTexas further performs the step of receiving a request for one of the stored financial documents through the processing unit. For example, LegacyTexas's Online Banking system has a processing unit connected to its storage systems that store check images, and this processing unit allows retrieval of check images. Specifically, LegacyTexas's Online Banking system receives a request for check images, to the processing unit.

47. LegacyTexas performs the step of comparing the specific document parameter of the requested financial document to the predetermined parameter to determine if the specific document parameter is greater than, less than, or equal to the predetermined parameter after the request has been received. For example, LegacyTexas's Online Banking system compares the date range of the received request to a predetermined date, for example 6 months of access to check images, and the check image is either retrieved for the requester or the requester receives notice that customer service needs to be contacted to request a check image from equal to or greater than 6 months ago.

48. LegacyTexas performs the step of accessing the first storage system when the specific document parameter is less than the predetermined parameter and accessing the second storage system when the specific document parameter is greater than or equal to the predetermined parameter. LegacyTexas further performs the step of retrieving the requested financial document, as defined by the received request, in the first fixed medium when the specific document parameter is less than the predetermined parameter and in the second

fixed medium when a specific document parameter of the financial document is greater than or equal to the predetermined parameter. For example, LegacyTexas's Online Banking systems processing unit accesses and then retrieves check images from one storage system if the associated date is less than 6 months and one day; and from another storage system if the associated date is greater than or equal to 6 months and one day.

49. **Induced Infringement.** LegacyTexas has also actively induced, and continues to induce, the infringement of at least claim 53 of the '067 Patent by actively inducing its customers, including merchants and end-users to use LegacyTexas's Online Banking system in an infringing manner as described above. Upon information and belief, LegacyTexas has specifically intended that its customers use its Online Banking system that infringe at least claim 53 of the '067 Patent by, at a minimum, providing access to, support for, training and instructions for, its Online Banking system to its customers to enable them to infringe at least claim 53 of the '067 Patent, as described above.

50. Mirror Imaging is entitled to recover damages adequate to compensate it for such infringement in an amount no less than a reasonable royalty under 35 U.S.C. § 284.

51. Mirror Imaging will continue to be injured, and thereby caused irreparable harm, unless and until this Court enters an injunction prohibiting further infringement.

## COUNT IV: INFRINGEMENT OF THE '612 PATENT

52. Mirror Imaging incorporates the above paragraphs herein by reference.

53. LegacyTexas has been and continues to directly infringe at least claim 1 of the '612 Patent in this District and elsewhere in the United States, by providing a system, for example LegacyTexas's Online Banking system, that performs the steps for a financial institution to obtain electronically-stored financial documents having a specific document parameter is disclosed.

54. LegacyTexas performs a method for accessing an electronically-stored financial document from one of a first storage system and a second storage system with the first and second storage systems being different from each other wherein the first and second

storage systems each include a plurality of financial documents stored therein and wherein each of the financial documents has an electronic image and is associated with at least one specific document parameter. For example, LegacyTexas's Online Banking system stores online statements and deposited check images in separate storage systems based on the date associated with that document. *See, e.g.,* https://www.legacytexas.com/commercial-banking/treasury-management/remote-deposit-capture.html.

55. LegacyTexas performs the step of storing a plurality of images of the financial documents in a first fixed medium at the first storage system when the specific document parameter of the financial document is greater than a predetermined parameter, wherein the predetermined parameter includes a pre-selected numerical record date. LegacyTexas further performs the step of storing a plurality of financial documents in a second fixed medium at the second storage system when the specific document parameter of the financial document is less than or equal to the predetermined parameter. For example, LegacyTexas's Online Banking system stores online statements and check images, and specifically stores check images for up to 6 months in a storage system that is retrievable. After 6 months, check images are transferred to another storage system for archival and retrieval purposes for up to 7 years.

56. LegacyTexas performs the step of utilizing a processor that has access to the first and second storage systems. LegacyTexas further performs the step of receiving a request for an image of one of the stored financial documents into the processor. For example, LegacyTexas's Online Banking system has a processor that has access to storage systems that store check images, and this processor receives requests for specific check images. Specifically, LegacyTexas's Online Banking system receives a request, through the processor, corresponding to a specific date range, and for specific check images.

57. LegacyTexas performs the step of comparing the specific document parameter of the requested financial document to the predetermined parameter to determine if the specific document parameter is greater than, less than, or equal to the predetermined

parameter after the request has been received, wherein the specific document parameter of the financial document is a particular numerical sequence associated with the specific document parameter, and wherein the particular numerical sequence of the financial document includes a record date of the financial document. For example, LegacyTexas's Online Banking system compares the date range of the received request to a predetermined date, for example 6 months of access for check images, and the check image is either retrieved for the requester or the requester receives notice that customer service needs to be contacted to request a check image from equal to or greater than 6 months ago.

58. LegacyTexas performs the step of accessing the first storage system when the specific document parameter is greater than the predetermined parameter and accessing the second storage system when the specific document parameter is less than or equal to the predetermined parameter. LegacyTexas further performs the step of retrieving the image of the requested financial document from the accessed storage system as defined by the received request. For example, LegacyTexas's Online Banking system's processor accesses and then retrieves check images from one storage system if the associated date is less than or equal to 6 months; and from another storage system if the associated date is greater than 6 months.

59. **Induced Infringement.** LegacyTexas has also actively induced, and continues to induce, the infringement of at least claim 1 of the '612 Patent by actively inducing its customers, including merchants and end-users to use LegacyTexas's Online Banking system in an infringing manner as described above. Upon information and belief, LegacyTexas has specifically intended that its customers use its Online Banking system that infringe at least claim 1 of the '612 Patent by, at a minimum, providing access to, support for, training and instructions for, its Online Banking system to its customers to enable them to infringe at least claim 1 of the '612 Patent, as described above.

60. Mirror Imaging is entitled to recover damages adequate to compensate it for such infringement in an amount no less than a reasonable royalty under 35 U.S.C. § 284.

61. Mirror Imaging will continue to be injured, and thereby caused irreparable

harm, unless and until this Court enters an injunction prohibiting further infringement.

## JURY DEMAND

62. Under Rule 38(b) of the Federal Rules of Civil Procedure, Mirror Imaging respectfully requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Mirror Imaging asks this Court to enter judgment against LegacyTexas, granting the following relief:

A. A declaration that LegacyTexas has infringed the Patents-in-Suit;

B. An award of damages to compensate Mirror Imaging for LegacyTexas's direct infringement of the Patents-in-Suit;

C. An order that LegacyTexas and its officers, directors, agents, servants, employees, successors, assigns, and all persons in active concert or participation with them, be preliminarily and permanently enjoined from infringing the Patents-in-Suit under 35 U.S.C. § 283;

D. An award of damages, including trebling of all damages, sufficient to remedy LegacyTexas's willful infringement of the Patents-in-Suit under 35 U.S.C. § 284;

E. A declaration that this case is exceptional, and an award to Mirror Imaging of reasonable attorneys' fees, expenses and costs under 35 U.S.C. § 285;

F. An award of prejudgment and post-judgment interest; and

G. Such other and relief as this Court or jury may deem proper and just.

Respectfully submitted,

/s/ Isaac Rabicoff
Counsel for Plaintiff

Isaac Rabicoff
RABICOFF LAW LLC
73 W Monroe st

Chicago, IL 60603
773.669.4590
isaac@rabilaw.com